UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

In re:

Tharon Bradley,

        Debtor

Chapter 13
Case No. 18-16173

Honorable Judge A. Benjamin Goldgar

## **OBJECTION TO CONFIRMATION**

NOW COMES Bayview Loan Servicing, LLC (hereinafter, "Bayview"), through its attorney, Rocio Herrera of Noonan & Lieberman, Ltd, and hereby objects to confirmation of Tharon Bradley's ("Debtor") Chapter 13 Plan as it fails to comply 11 U.S.C. § 1325(a)(5). In support thereof Bayview states as follows:

1. The Debtor filed for protection under Chapter 13 of the United States Bankruptcy Code on June 6, 2018.

2. The Movant, a party in interest, holds a Mortgage, Security, Agreement and Fixture Filing ("Mortgage") and a Note dated June 29, 2007 on real property commonly known as 18601 South Cicero Avenue, Country Club Hills, IL 60478 ("Property") in the original amount of $375,000.00.

3. The Mortgage and Note were executed by the Debtor as President of Pro's Sportsbar and Grill, Inc.

4. On June 29, 2007, the Debtor also executed a Guaranty in the amount of $375,000.00. See Guaranty attached hereto and incorporated here in as Exhibit "A".

5. The Guaranty provided the Debtor, "absolutely, unconditionally and irrevocably guarantees to Lender the full and prompt performance and payment" of the amounts due under the Note [Ex. A p. 1 ¶ 2].

6. In addition, on January 19, 2018, the Debtor executed, personally and as president of Pro's Sportsbar and Grill, Inc., a Delinquency Repayment Agreement, ("Agreement") pursuant to which the Debtor agreed to cure a default owed on the loan by making payments as provided in the Agreement. See the Agreement attached hereto and incorporated herein as Exhibit "B".

7. Currently, Bayview is preparing a proof of claim and expects to have the proof of claim on file prior to the proof of claim bar date.

8. At this time, Bayview estimates its proof of claim will provide pre-petition arrears in the amount of approximately $61,153.66.

9. Bayview is a secured creditor and intends to file a secured claim.

10. However, the Debtor's Schedules do not list the debt owed to Bayview's and the Chapter 13 Plan does not provide for Bayview's claim .

11. Pursuant to 11 U.S.C. § 1325(a)(5) a debtor must provide for a secured claim under one of the three option provided thereunder.

12. Therefore, Debtor's failure to provide for Bayview's claim means the Debtor's Chapter 13 Plan does not comply with the confirmation requirements of §1325(a)(5) and as such the Debtor's Chapter 13 Plan should not be confirmed.

WHEREFORE, Bayview prays that confirmation of the Debtor's plan be denied and for such other relief as the Court deems just.

/s/ Rocio Herrera
Rocio Herrera, ARDC #6303516
Attorney number 6303516
NOONAN & LIEBERMAN, LTD.
105 W. Adams, Suite 1800
Chicago, Illinois 60603
(312)431-1455
N&L# 1353-323