# GUARANTY

**THIS GUARANTY** (the "Guaranty") is entered into on June 29, 2007 by Tharon Bradley, whose address is 4600 Blarney Dr., Matteson IL 60443, and Carla Nelson, whose address is 8511 S. Parnell, Chicago IL 60620 (individually and collectively referred to hereinafter as the "Guarantor", whether one or more) for the benefit of Global Capital & Development Corp., an Illinois Corporation, having an address at 10600 W Higgins Rd, Suite 516, Rosemont, IL 60018, its successors and/or assigns and/or any subsequent holder of the Note (the "Lender").

## RECITALS

A. PRO'S SPORTSBAR AND GRILL, INC., an Illinois Corporation (the "Borrower") has requested that Lender make a loan to Borrower in the amount of Three Hundred Seventy-Five Thousand and No/100 Dollars ($375,000.00) (the "Loan"). The Loan will be evidenced by a Promissory Note from Borrower to Lender dated as of the date of this Guaranty (the "Note"). The Note will be secured by a Deed of Trust and Security Agreement, Deed to Secure Debt and Security Agreement or a Mortgage and Security Agreement, and an Assignment of Leases and Rents, or similar real estate Security Instrument, (the "Security Instrument"), encumbering the real property described in the Security Instrument (the "Property").

B. As a condition to making the Loan to Borrower, Lender requires that the Guarantor execute this Guaranty.

C. Guarantor is President of Borrower.

D. Guarantor expects to derive benefits from the Loan to Borrower, and Guarantor finds it advantageous, desirable and in Guarantor's best interests to execute and deliver this Guaranty to Lender.

**NOW, THEREFORE**, in order to induce Lender to make the Loan to Borrower, and in consideration thereof, Guarantor agrees as follows:

1. "Debt" and other capitalized terms used but not defined in this Guaranty shall have the meanings assigned to them in the Security Instrument.

2. Guarantor hereby absolutely, unconditionally and irrevocably guarantees to Lender the full and prompt performance and payment when due, whether at maturity or earlier, by reason of acceleration or otherwise, and at all times thereafter, of all of the following:

   (a) The entire Debt (defined in Article 2 of the Security Instrument).

   (b) The payment and performance of all of Borrower's obligations under Article 2 of the Security Instrument.

   (c) All costs and expenses, including reasonable fees and out of pocket expenses of attorneys and expert witnesses, incurred by Lender in enforcing its rights under this Guaranty regardless of whether such costs and expenses are incurred by Lender during a pre-litigation, litigation or appeal process.

# Exhibit A

1

3. The obligations of Guarantor under this Guaranty are not secured by the Security Instrument and shall survive any foreclosure proceeding, any foreclosure sale, any delivery of any deed in lieu of foreclosure, and any release of record of the Security Instrument, and, in addition, the obligations of Guarantor relating to Borrower's obligations under Article 2 of the Security Instrument shall survive any repayment or discharge of the Debt. The obligations of Guarantor under this Guaranty shall not be limited by any law limiting deficiency judgments against Borrower, and Guarantor shall remain liable for any deficiency following any foreclosure proceeding or sale.

4. Guarantor's obligations under this Guaranty constitute an unconditional guaranty of payment and not merely a guaranty of collection.

5. The obligations of Guarantor under this Guaranty shall be performed without demand by Lender and shall be unconditional irrespective of the genuineness, validity, regularity or enforceability of the Note, the Security Instrument, or any Other Security Documents, and without regard to any other circumstance that might otherwise constitute a legal or equitable discharge of a surety or a guarantor. Guarantor hereby waives the benefit of all principles or provisions of law, statutory or otherwise, which are or might be in conflict with the terms of this Guaranty and agrees that Guarantor's obligations shall not be affected by any circumstances, whether or not referred to in this Guaranty, which might otherwise constitute a legal or equitable discharge of a surety or a guarantor. Guarantor hereby waives the benefits of any right of discharge under any and all statutes or other laws relating to guarantors or sureties and any other rights of sureties and guarantors thereunder. Without limiting the generality of the foregoing, Guarantor hereby waives, to the fullest extent permitted by law, diligence in collecting the Debt, presentment, demand for payment, protest, all notices with respect to the Note and this Guaranty which may be required by statute, rule of law or otherwise to preserve Lender's rights against Guarantor under this Guaranty, including, but not limited to, notice of acceptance, notice of any amendment of the Note, Security Instrument and any of the Other Security Documents, notice of the occurrence of any default or Event of Default, notice of intent to accelerate, notice of acceleration, notice of dishonor, notice of foreclosure, notice of protest, and notice of the incurring by Borrower of any obligation or Debt. Guarantor also waives, to the fullest extent permitted by law, all rights to require Lender to (a) proceed against Borrower or any other guarantor of Borrower's payment or performance with respect to the Debt (an "Other Guarantor") (b) if Borrower or any Other Guarantor is a partnership, proceed against any general partner of Borrower or the Other Guarantor, (c) proceed against or exhaust any collateral held by Lender to secure the repayment of the Debt, or (d) pursue any other remedy it may now or hereafter have against Borrower, or, if Borrower is a partnership, any general partner of Borrower.

6. At any time or from time to time and any number of times, without notice to Guarantor and without affecting the liability of Guarantor, (a) the time for payment of the principal of or interest on the Debt may be extended or the Debt may be renewed in whole or in part; (b) the time for Borrower's performance of or compliance with any covenant or agreement contained in the Note, the Security Instrument or any Other Security Document, whether presently existing or hereinafter entered into, may be extended or such performance or compliance may be waived; (c) the maturity of the Debt may be accelerated as provided in the Note, the Security Instrument, or any Other Security Documents; (d) the Note, the Security Instrument, or any Other Security Document may be modified or amended by Lender and Borrower in any respect, including, but not limited to, an increase in the principal amount; and (e) any security for the Debt may be modified, exchanged, surrendered or otherwise dealt with or additional security may be pledged or mortgaged for the Debt.

7. If more than one person executes this Guaranty, the obligations of those persons under this Guaranty shall be joint and several. Lender, in its sole and absolute discretion, may (a) bring suit

2

against Guarantor, or any one or more of the persons constituting Guarantor, and any Other Guarantor, jointly and severally, or against any one or more of them; (b) compromise or settle with any one or more of the persons constituting Guarantor for such consideration as Lender may deem proper; (c) release one or more of the persons constituting Guarantor, or any Other Guarantor, from liability; and (d) otherwise deal with Guarantor and any Other Guarantor, or any one or more of them, in any manner, and no such action shall impair the rights of Lender to collect from Guarantor any amount guaranteed by Guarantor under this Guaranty. Nothing contained in this paragraph shall in any way affect or impair the rights or obligations of Guarantor with respect to any Other Guarantor.

8. Any debt of Borrower held by Guarantor now or in the future is and shall be subordinated to the Debt and any such debt of Borrower shall be collected, enforced and received by Guarantor, as trustee for Lender, but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty.

9. Guarantor shall have no right of, and hereby waives any claim for, subrogation or reimbursement against Borrower or any general partner of Borrower by reason of any payment by Guarantor under this Guaranty, whether such right or claim arises at law or in equity or under any contract or statute, until the Debt has been paid in full and there has expired the maximum possible period thereafter during which any payment made by Borrower to Lender with respect to the Debt could be deemed a preference under the United States Bankruptcy Code.

10. If any payment by Borrower is held to constitute a preference under any applicable bankruptcy, insolvency, or similar laws, or if for any other reason Lender is required to refund any sums to Borrower, such refund shall not constitute a release of any liability of Guarantor under this Guaranty. It is the intention of Lender and Guarantor that Guarantor's obligations under this Guaranty shall not be discharged except by Guarantor's performance of such obligations and then only to the extent of such performance.

11. Guarantor shall from time to time, upon request by Lender, deliver to Lender such financial statements as Lender may reasonably require.

12. Lender may assign its rights under this Guaranty in whole or in part and upon any such assignment, all the terms and provisions of this Guaranty shall inure to the benefit of such assignee to the extent so assigned. The terms used to designate any of the parties herein shall be deemed to include the heirs, legal representatives, successors and assigns of such parties; and the term "Lender" shall include, in addition to Lender, any lawful owner, holder or pledgee of the Note.

13. This Guaranty, the Note, the Security Instrument and the Other Security Documents represent the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements. There are no unwritten oral agreements between the parties. All prior or contemporaneous agreements, understandings, representations, and statements, oral or written, are merged into this Guaranty, the Note, the Security Instrument and the other Security Documents. Guarantor acknowledges that it has received copies of the Note and all Other Security Documents. Neither this Guaranty nor any of its provisions may be waived, modified, amended, discharged, or terminated except by an agreement in writing signed by the party against which the enforcement of the waiver, modification, amendment, discharge, or termination is sought, and then only to the extent set forth in that agreement.

14. Guarantor agrees that any controversy arising under or in relation to this Guaranty shall be litigated exclusively in the jurisdiction where the Land is located (the "Property Jurisdiction"). The state and federal courts and authorities with jurisdiction in the Property

Jurisdiction shall have exclusive jurisdiction over all controversies which shall arise under or in relation to this Guaranty, the Note, the Security Instrument or any other Security Document. Guarantor irrevocably consents to service, jurisdiction, and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of domicile, habitual residence or otherwise. To the extent permitted by applicable law, Guarantor shall pay to Lender on demand any and all expenses, including, but not limited to, attorney?s fees (at all level, including appeals), incurred or paid by Lender in enforcing this Instrument, the Note, the Security Agreement, or the Other Security documents.

15.    GUARANTOR AND LENDER, BY ACCEPTANCE OF THIS GUARANTY, HEREBY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, THE RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, WHETHER IN CONTRACT, TORT OR OTHERWISE, RELATING DIRECTLY OR INDIRECTLY TO THE LOAN, THE APPLICATION FOR THE LOAN, THE NOTE, THIS GUARANTY OR THE OTHER SECURITY DOCUMENTS OR ANY ACTS OR OMISSIONS OF LENDER OR GUARANTOR.

READ ALL CREDIT AGREEMENTS BEFORE SIGNING. THE TERMS OF ALL CREDIT AGREEMENTS SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED OR SPECIFICALLY INCORPORATED BY WRITING IN THIS WRITTEN CREDIT AGREEMENT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS CREDIT AGREEMENT ONLY BY OTHER WRITTEN CREDIT AGREEMENTS.

**IN WITNESS WHEREOF**, Guarantor has signed and delivered this Guaranty or has caused this Guaranty to be signed and delivered by its duly authorized representative effective as of the date first set forth above.

Signed, sealed and delivered
in the presence of:

*/s/ Tharon Bradley*
Print Name:

*/s/ Carla Nelson*
Print Name:

GUARANTOR:

*/s/ Tharon Bradley*
Tharon Bradley

*/s/ Carla Nelson*
Carla Nelson

5

ACKNOWLEDGMENT

STATE OF ILLINOIS      )
                       )
                       SS:
COUNTY OF Cook         )

The foregoing instrument was acknowledged before me on June 29, 2007 by Tharon Bradley and Carla Nelson. He/she is personally known to me or produced _____DC_____ as identification, and did/did not take an oath.

[Official Notary Seal]

"OFFICIAL SEAL"
Diedr_ Mathews
Notary Public, State of Illinois
My Commission Exp. 01/21/2008

Print Name: _____
Notary Public, State of Illinois
My Commission Expires: _____

6