TIME RECEIVED
January 30, 2018 5:07:48 PM EST

REMOTE CSID   DURATION   PAGES   STATUS

Jan 30 18 05:27p       Pros                                                                    p.1



Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd. 5th Floor
Coral Gables, FL  33146



January 19, 2018

BRADLEY THARON PRO'S SPORTSBAR AND GRILL,
THARON BRADLEY and CARLA NELSON
18601 South Cicero Avenue
Country Club Hills, IL  60478

Loan Number: ▉▉▉▉▉         **Property Address:** 18601 Cicero Avenue
                                    Country Club Hills, IL  604780000   **("Property")**

Dear Customer:

In response to your request for assistance with your financial difficulty, Bayview Loan Servicing, LLC, as holder and servicing agent for the beneficiary of record ("Servicer"), has agreed to enter into this Delinquency Repayment Agreement, which has been prepared for your signature(s). Please read the Agreement carefully. To become effective, this Agreement must be signed and returned along with the first payment due under the Agreement.

### DELINQUENCY REPAYMENT AGREEMENT ("Agreement")

Borrower agrees to pay Servicer in accordance with the following schedule:

| Payment Number | Payment Amount | Payment Due Date |
|---|---|---|
| Down Payment | $10,000.00 | 01/25/2018 |
| 1 | $5,762.70 | 02/25/2018 |
| 2 | $5,762.70 | 03/25/2018 |
| 3 | $5,762.70 | 04/25/2018 |
| 4 | $5,762.70 | 05/25/2018 |
| 5 | $5,762.70 | 06/25/2018 |
| 6 | $5,762.70 | 07/25/2018 |
| 7 | $5,762.70 | 08/25/2018 |
| 8 | $5,762.70 | 09/25/2018 |
| 9 | $5,762.70 | 10/25/2018 |
| 10 | $5,762.70 | 11/25/2018 |
| 11 | $5,762.70 | 12/25/2018 |

This agreement is subject to the following terms and conditions:

**1. Loan Documents:**

Servicer is the holder or servicing agent of that certain Promissory Note ("Note") executed by Borrower or Borrower's predecessor-in-interest on **06/29/2007**, in the original principal sum of **$375,000.00** . The Note

evidences a loan ("Loan") to Borrower, and is secured by either a Deed of Trust or Mortgage ("Security Instrument"). The Security Instrument creates a secured lien on the property owned by the Borrower. The Note, Security Instrument and all other loan documents shall collectively be referred to as "Loan Documents".

## 2. Amount Due:

The total amount due as of the date of this agreement is:   **$19,382.87** , which consists of all payments due but unpaid, plus (if applicable) late charges, attorney/trustee fees and costs, property visitation or valuation fees, corporate advances for property taxes, insurance or other disbursements, and other fees and costs. Payment Amounts may also include estimated amounts for future payments due, advances for taxes, insurance, or other unforeseen advances, costs, or fees that may become due during the duration of this Agreement. As a result, Payment Amounts could increase as a result of these activities, or may result in a larger final payment being due at the end of this agreement. In addition, if the Loan Documents provide for periodic payment adjustments, this too may result in an increase in the Payment Amounts due during or at the end of the Agreement.



## 3. Repayment Schedule:

Borrower agrees to pay the Payment Amounts due in full on or before the Payment Dates. Time is of the essence under this Agreement. Borrower will not be provided a "grace period" for any Payment Amounts due under this Agreement. This means that Servicer must receive the monthly payments on or before the Payment Agreement. However, Borrower may pre pay the Amounts Due in full at any time during the duration of this Agreement.

## 4. Application of Payment Amounts:

All funds tendered are non-refundable and may be held in a suspense/unapplied account or applied to amounts owing, solely at Servicer's discretion. Upon successful completion of this agreement, all held funds collected under this agreement shall be applied to amounts due. For income tax purposes, interest payments received will be reported for the calendar year in which the funds are actually applied as interest payments on Servicer's records.

## 5. Default Status:

During the term of this agreement: (i) The Security Instrument shall not be reinstated and the Loan shall continue to be in default under the Loan Documents; (ii) Foreclosure proceedings, if any, shall be suspended while this Agreement is in effect; (iii) Servicer may report delinquency information to outside credit bureaus; (iv) Servicer will continue to assess late charges as provided for in the Loan Documents and (v) This Agreement supersedes any other billing notices Borrower may receive from Servicer while this agreement is in effect.

## 6. Termination:

Upon default under any of the terms or conditions of this agreement or the Loan Documents, or upon Borrower's failure to maintain the property in good condition, Servicer shall have the right, at its sole discretion, to terminate this Agreement, require all unpaid amounts to be immediately due and payable, and resume Foreclosure proceedings at the point the foreclosure was previously suspended by this Agreement, if applicable.

## 7. Foreclosure Sale/Law Day:

Borrower understands if a foreclosure sale or law day is scheduled to occur within 72 hours after Servicer has received both the signed Forbearance Agreement and down payment, that Servicer may not be able to stop the sale or vesting. In this event, the down payment will be returned to the borrower and the Forbearance Agreement shall have no further force and effect. Servicer assumes no liability for failing to 'stop' the sale or to otherwise unwind, rescind or reverse the sale or vesting should such sale or vesting occur within the time period prescribed herein. If in the event the Parties agree to undertake any effort to unwind, rescind or reverse the sale or vesting, then any attorney fees and costs resulting from such activity shall be added to the Loan delinquency.

## 8. Change in Financial Condition:

Borrower agrees that upon 30-days written notice, Servicer shall have the right to increase the monthly payment required under the Forbearance Agreement if Servicer has verified that (i) either there has been a material change in the Borrower's financial condition or that there were significant inaccuracies in the financial information

last submitted by the Borrower and (ii) that the Borrower is financially able to make increased payments.

### 9. Adjustable Rate Notes:

As set forth in the terms of the Note, if the Note is an adjustable rate instrument, the monthly Forbearance Agreement payments are subject to increases based upon fluctuations in the Index rate. If there is an increase, then Servicer will increase the Forbearance Agreement accordingly. If there is a decrease in the Index, then Forbearance Agreements payments will not decrease and such surplus shall be applied against the Loan delinquency.

### 10. Previous Discharge in Bankruptcy:

In the event that the underlying debt has been discharged as a result of a prior bankruptcy proceeding, Servicer hereby acknowledges that it is not assessing personal liability for the debt of the Borrower(s) and that its recourse in collection matters shall be limited to the collateral described in the Security Instrument.



As further consideration, Borrower agrees that Servicer shall be entitled to immediate relief from the automatic stay provided by the United States Bankruptcy Code to take action to enforce all of its rights under the loan documents and this agreement in the event that Borrowers take or are the subject of any action which subjects them or the property encumbered by the Servicer's mortgage to the provisions of section 362 of the United States Bankruptcy Code. Borrower also consents to the entry of an order setting of a bar date as to further bankruptcy filings so as to permit Servicer to complete whatever actions it deems necessary to enforce its rights under the loan documents. Furthermore, Borrower agrees that he will not transfer title to the subject property during the pendency of this Stipulation or Foreclosure action, and that if any transfer was so made would be for the sole purpose of defrauding Servicer and for the sole purpose of frustrating Servicer's right to proceed with any and all state court remedies.

### 11. Clerical Errors:

In the event that a clerical error in the calculation of your Forbearance plan payment results in your loan not being current at the completion of this agreement, you agree that you still owe this money.

### 12. No Waiver:

Servicer's receipt and application of any funds paid under the Agreement in an amount less than the total Amounts Due shall not reinstate the Security Instrument nor cure the existing default on the Loan nor does it constitute a release of any maker or obligor from the obligations under the Loan Documents. Nothing under this agreement shall prevent Servicer from exercising its rights under the Loan Documents and applicable law in the event of any future default by the Borrower.

### 13. Assignment:

This Agreement is not to be assigned or assumed by any successor or assign of the Borrower.

### 14. NO OTHER CHANGES:

Except as expressly adjusted by this Agreement, all of the covenants, agreements, stipulations and conditions in the Loan Documents remain unmodified and in full force and effect. The Security Instrument continues to secure on a first and prior lien basis the due and punctual payments of the note, as modified by this Agreement. None of the Borrower's obligations or liabilities under the security instrument shall be diminished or released by any provisions herein. Nor shall this Agreement in any way impair, diminish, or affect any of the Borrower's rights or remedies in the Security Instrument, whether such rights or remedies arise herein or by operation of law. No oral representations have been made by any party hereto which have not been incorporated into this Agreement. Any inserted terms, changes or additions to this Agreement will immediately render it null and void. Borrower is encouraged to review this Agreement with his/her legal advisor prior to signing it, but by signing below Borrower has voluntarily signed this Agreement.

### 15. ATTORNEY'S FEES:

In the event any party hereto brings suit for the collection of any damages resulting from, or the injunction of any action constituting, a breach of any terms or provisions of this Agreement or the Loan Documents, then the

prevailing party shall be entitled to recover all reasonable court costs and attorneys' fees, at all levels.

Date this _____29_____ day of _____Jan   2018_____.

IN WITNESS WHEREOF, Servicer and Borrower have executed this Agreement.

By: _____ Date: 1/29/18
BRADLEY THARON PRO'S SPORTSBAR AND GRILL

By: _____ Date: 1/29/18
THARON BRADLEY

By: Carla Nelson _____ Date: 1-29-18
CARLA NELSON

The Agreement must be signed and returned using the Overnight Mail address below or faxed to **(305) 260-1366** no later than **01/25/2018**, with the first payment due by **02/25/2018**.

**Payment Remittance Information** (Always include your loan number ███████ with your payment). Payment must be made by bank check, certified funds or wire transfer, at any of the following addresses:

**Regular/Overnight Mail**
Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd, 5th Floor
Coral Gables. Florida 33146
Re: Loan No.: 200057964
Attn: Paul Petti

**Western Union Quick Collect®*
Code City:        BFTG
Code State:      FL
Re: Loan No.:   200057964
Attn:                 Paul Petti

*Fees may be imposed by money transmitter.

If you have any questions regarding this matter, please contact the undersigned.

Sincerely,

*Paul Petti*

Paul Petti, Asset Manager
Bayview Loan Servicing, LLC
Phone Number:  (954) 590-7673 Monday - Friday 9:00 a.m. - 6:00 p.m., ET
Fax Number:       (305) 260-1366
E-mail:               Paulpetti@bayviewloanservicing.com

Bayview Loan Servicing, LLC is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose. To the extent that your obligation has been discharged or is subject to an automatic stay of bankruptcy this notice is for compliance and informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

**The following mailing address must be used for all Error Notices & Information Requests: Bayview Loan Servicing, LLC, Customer Support, 4425 Ponce de Leon Boulevard, 5th Floor, Coral Gables, FL 33146.**